IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3157-FL

| | |
|---|---|
| RICHARD NATHANIAL GREGORY, JR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, UNITED STATES CONGRESS, and the UNITED STATES SUPREME COURT, | ) ) ) ) |
| Defendants. | ) |

ORDER

The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is the motion to dismiss (DE 6) pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by defendants the United States of America, the United States Congress, and the United States Supreme Court.

The court begins with its frivolity review. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed

for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff, a state inmate, brings this action against the United States of America, the United States Congress, and the United States Supreme Court. Plaintiff requests to have his "free national name (status) corrected from 'Race Black' to 'Moorish American.' " (Compl. p. 3.) To the extent plaintiff seeks to compel prison officials to amend prison records to change plaintiff's racial classification, plaintiff fails to state a constitutional violation. The manner in which "prison officials choose to organize their records is quintessentially an administrative matter in which the courts should not intervene." Barrett v. Virginia, 689 F.2d 498, 503 (4th Cir. 1982) ("[T]he mere fact that correctional authorities maintain a prisoner's records in the name he used when convicted implicates no constitutional right."); see also, Anderson-El v. Chief of Auxiliary Service, No. 5:11-CT-3170-D, 2012 WL 5305782, at *1 (E.D.N.C. May 22, 2012), aff'd, 477 F. App'x 142 (4th Cir. Sept. 28, 2012). Further, this court previously has determined that prison officials' refusal to change nationality or race in official prison records generally does not constitute a constitutional violation. Thorne-El v. Sanders, No. 5:12-CT-3029-FL, 2013 WL 3166453, at *2 (E.D.N.C. June 20, 2013) (citing Anderson-Wl v. Chief of Auxiliary Service, No. 5:11–CT–3170–D, 2012 WL 5305782, at *1 (E.D.N.C. May 22, 2012), aff'd, 477 F. App'x 142 (4th Cir. Sept. 28, 2012)), aff'd, 2013 WL 576582 (4th Cir. Oct. 25, 2013). Thus, these allegations fail to state a claim.

2

Plaintiff additionally requests that the court vacate the criminal sentence he is serving. Title 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Accordingly, to obtain release from imprisonment, plaintiff must bring his action in the form of a petition for a writ of habeas corpus pursuant to § 2254, after fully exhausting his administrative remedies. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

To the extent plaintiff alleges that North Carolina state laws and the United States Constitution do not apply to him because he is a Moorish American, his allegations are wholly frivolous. See Cunningham-El v. Whitener, No. 5:10-cv-194-RJC, 2012 WL 137876, at *1 (W.D.N.C. Jan. 18, 2012); Headen-El v. Keller, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) (collecting cases); Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous.") (collecting cases). Thus, this claim is DISMISSED for failure to state a claim.

As for the remainder of plaintiff's allegations, § 1915 accords the court the authority to dismiss a claim whose factual contentions are clearly baseless. Denton, 504 U.S. at 32. The remaining factual allegations contained in plaintiff's complaint are clearly baseless. If any of the remaining allegations are not construed as clearly baseless or delusional, they are merely legal terminology and not actionable because the claims have no factual support.

Based upon the foregoing, plaintiff fails to state a claim upon which relief may be granted, and the action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendants' motion to dismiss (DE 6) is DENIED as MOOT. The Clerk of Court is DIRECTED to send plaintiff the necessary forms to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

SO ORDERED, this the 7th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge